| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| ROBBIE REYNOLDS, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:22-CV-553 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant United States of America's Motion for Summary Judgment (#14), wherein the United States seeks summary judgment regarding Plaintiff Robbie Reynolds's ("Reynolds") negligence claims. The United States maintains that Reynolds's claims are barred by the statute of limitations. Reynolds filed a response (#20) contending that she is entitled to equitable tolling. The parties submitted a reply (#21) and sur-reply (#22) to further clarify the issue of equitable tolling. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that the United States's motion should be granted.

I.  Background

Reynolds's claims stem from a motor vehicle accident between Reynolds and a United States Postal Service ("USPS") driver that occurred on September 18, 2020. Reynolds submitted an administrative tort claim to the USPS on November 9, 2020. The USPS issued a final denial on November 23, 2021. Reynolds filed her complaint and initiated this lawsuit on September 13, 2022. Reynolds brought this lawsuit pursuant to 28 U.S.C. §§ 1346(b), 2671-2680 *et seq.*, commonly known as the Federal Tort Claims Act ("FTCA"), seeking monetary damages. The

United States filed its Motion for Summary Judgment (#14) on February 6, 2023. Reynolds's response to the Motion for Summary Judgment was due on February 27, 2023, but no response was filed at that time. The court held a status conference on March 2, 2023, during which the court granted Reynolds an extension to the summary judgment response deadline (#18). Reynolds filed her response (#20) on March 9, 2023, within the extended deadline.

II.     Analysis

    A.     Summary Judgment Standard

A party may move for summary judgment without regard to whether the movant is a claimant or a defending party. *See Union Pac. R.R. Co. v. Palestine*, 41 F.4th 696, 703 (5th Cir. 2022), *cert. denied*, No. 22-480, 2023 WL 24098 (U.S. Jan. 9, 2023); *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 380 (5th Cir. 2019); *Apache Corp. v. W&T Offshore, Inc.*, 626 F.3d 789, 793 (5th Cir. 2010). Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Union Pac. R.R. Co.*, 41 F.4th at 703; *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Anderson*, 9 F.4th 328, 331 (5th Cir. 2021); *Smith v. Harris County*, 956 F.3d 311, 316 (5th Cir. 2020); *Parrish*, 917 F.3d at 378; *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *MDK Sociedad De*

*Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022); *Goldring v. United States*, 15 F.4th 639, 644-45 (5th Cir. 2021); *Playa Vista Conroe v. Ins. Co. of the W.*, 989 F.3d 411, 416-17 (5th Cir. 2021); *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019).  Where a defendant moves for summary judgment on the basis of an affirmative defense and, thus, bears the ultimate burden of persuasion, "evidence must be adduced supporting each element of the defense and demonstrating the lack of any genuine issue of material fact with regard thereto." *Terrebone Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002); *see United States v. Renda Marine, Inc.*, 667 F.3d 651, 659 (5th Cir. 2012), *cert. denied*, 569 U.S. 918 (2013); *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1074 (5th Cir.), *cert. denied*, 522 U.S. 915 (1997).  At the summary judgment stage, the defendant "bears the burden of proving each element of each affirmative defense by a preponderance of the evidence." *Petro Harvester Operating Co., L.L.C. v. Keith*, 954 F.3d 686, 697 (5th Cir. 2020) (citing *Celotex Corp.*, 477 U.S. at 322-23).

The court "should review the record as a whole." *Black v. Pan Am. Lab'ys, LLC*, 646 F.3d 254, 273 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)); *see Hacienda Recs., L.P. v. Ramos*, 718 F. App'x 223, 234 (5th Cir. 2018); *City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014).  All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility.  *Reeves*, 530 U.S. at 150; *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022); *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021); *Lyons*, 964 F.3d at 302; *Nall*, 917 F.3d at 340.  The evidence of the nonmovant is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in her favor.  *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (citing *Anderson*, 477 U.S. at 255); *Seigler*, 30 F.4th at 476;

*Batyukova*, 994 F.3d at 724; *Lyons*, 964 F.3d at 302; *Hassen*, 932 F.3d at 355.  The evidence is construed "in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)); accord *Lexon Ins. Co., Inc.*, 7 F.4th at 321; *Geovera Specialty Ins. Co. v. Odoms*, 836 F. App'x 197, 200 (5th Cir. 2020) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

    B.    <u>The Federal Tort Claims Act</u>

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. $4,480,466.16*, 936 F.3d 233, 237 (5th Cir. 2019) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012).  The FTCA operates as a waiver of the United States's sovereign immunity for certain tort claims.  *See* 28 U.S.C. §§ 2671-2680 (2006); *Levin v. United States*, 568 U.S. 503, 506 (2013); *Gonzalez*, 851 F.3d at 543; *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006).  By waiving sovereign immunity, the FTCA allows federal courts to exercise jurisdiction over claims brought against the United States for property damage, personal injury, or death caused by the negligent or wrongful acts or omissions of federal employees, while acting in the scope of their employment, if a private person would be liable to the claimant under comparable circumstances.  *See* 28 U.S.C. §§ 1346(b), 2674; *Campos*, 888 F.3d at 730; *Peacock v. United States*, 597 F.3d 654, 659 (5th Cir. 2010).  Waivers of sovereign immunity must be "unequivocally expressed," and any ambiguity as to the scope of the waiver in statutory language

4

must be construed in favor of immunity. *Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 290 (2012) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996); *United States v. Williams*, 514 U.S. 527, 531 (1995)); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *$4,480,466.16*, 936 F.3d at 237 (quoting *Doe v. United States*, 853 F.3d 792, 796 (5th Cir. 2017)).

The extent to which the United States has waived sovereign immunity under the FTCA is generally determined by reference to the "law of the place," meaning the law of the state "where the act or omission occurred." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477-78 (1994) (quoting 28 U.S.C. § 1346(b)); *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019); *Ellis v. United States*, 673 F.3d 367, 372 (5th Cir. 2012). If the substantive law of the state in which the misconduct occurred would not permit recovery, the United States has not waived sovereign immunity under the FTCA for its employees' misconduct. *See Carlson v. Green*, 446 U.S. 14, 23 (1980); *Coleman*, 912 F.3d at 835; *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d at 287-88.

In order to invoke waiver of sovereign immunity and proceed in federal court under the FTCA, the plaintiff must have first exhausted the administrative remedies made available by the federal agency involved. *See* 28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106, 110 (1993); *Coleman*, 912 F.3d at 834; *Pleasant v. United States ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014). The relevant statute provides:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be

> deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.
>
> (b)  Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.
>
> (c)  Disposition of any claim by the Attorney General or other head of a federal agency shall not be competent evidence of liability or amount of damages.

28 U.S.C. § 2675. Section 2675's claim presentment requirement is satisfied "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value upon his or her claim." *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.), *clarified on other grounds*, 622 F.2d 197 (5th Cir. 1980); *accord Pleasant*, 764 F.3d at 448-49; *Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1442 (5th Cir.), *amended in part on other grounds*, 905 F.2d 61 (5th Cir. 1990).

"Noncompliance with section 2675 deprives a claimant of federal court jurisdiction over his or her claim." *Adams*, 615 F.2d at 289; *accord Transco Leasing Corp.*, 896 F.2d at 1442. The filing of a claim with the appropriate governmental agency is an absolute jurisdictional prerequisite and cannot be waived. *See McNeil*, 508 U.S. at 113; *Coleman*, 912 F.3d at 834; *Transco Leasing Corp.*, 896 F.2d at 1441. "The purpose of § 2675 will be served as long as a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant." *Pleasant*, 764 F.3d at 449 (quoting *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980)); *see Adams*, 615 F.2d at 289.

Moreover, the regulations allow a claimant to amend a pending administrative claim "at any time prior to final agency action or prior to the exercise of the claimant's option [to file a lawsuit] under 28 U.S.C. [§] 2675(a)."  28 C.F.R. § 14.2(c).  Further, before a claimant files a lawsuit, and within six months after a final denial of a claim, the claimant may submit a request for reconsideration.  39 C.F.R. § 912.9.  Here, there is no indication that Reynolds amended her administrative claim or that she submitted a request for reconsideration.

The administrative exhaustion requirement "is more than a mere statement of procedural niceties.  It requires that jurisdiction must exist at the time the complaint is filed."  *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981); *see* 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 111.  When the instant lawsuit was filed on September 13, 2022, Reynolds had already pursued administrative remedies and received a letter detailing the final denial of her claim (#14).  Therefore, the administrative exhaustion requirement has been met.  The present action, however, was filed more than six months after the final denial was mailed.  *See* 28 U.S.C. § 2401(b).

    C.    <u>Statute of Limitations</u>

The FTCA statute of limitations bars tort claims filed against the United States if they are not properly presented to the appropriate federal agency within two years of the claim's accrual or unless action is begun within six months after the date of mailing of notice of the agency's final denial.  *See* 28 U.S.C. § 2401(b); *Brown v. NationsBank Corp.*, 188 F.3d 579, 589 (5th Cir. 1999), *cert. denied*, 530 U.S. 1274 (2000).  The FTCA specifically provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). It is well established that the limitations period is a jurisdictional prerequisite. *See Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998) (citing *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995), *cert. denied*, 519 U.S. 927 (1996); *Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987), *cert. denied*, 485 U.S. 1006 (1988)); *MacMillan v. United States*, 46 F.3d 377, 380 n.3 (5th Cir. 1995). The claims in the present action accrued on September 19, 2020, the date of the accident. Thus, Reynolds had two years from September 19, 2020, to present her administrative claim to the USPS. She timely presented and exhausted her administrative claims. She failed, however, to file this lawsuit within six months from the mailing of the administration's final denial of her claim. The final denial was mailed to Reynolds's counsel on November 23, 2021. Accordingly, Reynolds was required to file this lawsuit on or before May 23, 2021. Her complaint, however, was not filed until September 13, 2022. Therefore, the statute of limitations had already run, and Reynolds is now barred from prosecuting this action against the United States unless the limitations period is tolled.

    D.    <u>Equitable Tolling</u>

Reynolds contends that equitable tolling should apply to this case. Equitable tolling is available in suits against the United States and the doctrine can apply to FTCA claims under the appropriate circumstances. *United States v. Wong*, 575 U.S. 402, 412 (2015). "[T]he doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000); *accord In re Lewis*, 484 F.3d 793, 797 (5th Cir. 2007); *Felder v. Johnson*, 204 F.3d 168, 175 (5th Cir. 2000). The decision to allow equitable tolling of the statute of limitations rests in the discretion of the district court. *See Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011); *Teemac*

8

*v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002); *Felder*, 204 F.3d at 175. The doctrine applies in "rare and exceptional circumstances" and is available only when a plaintiff diligently pursues her rights. *Teemac*, 298 F.3d at 457 (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)); *see Caldwell v. Dretke*, 429 F.3d 521, 530 n.23 (5th Cir. 2005). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996); *Sandoz v. Cingular Wireless, LLC*, 769 F. Supp. 2d 1047, 1063 (W.D. Tex. 2010). "The party who invokes equitable tolling bears the burden of proof." *Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 653 (W.D. Tex. 2010) (quoting *Teemac*, 298 F.3d at 457); *see Wilson v. Sec'y, Dep't of Veterans Affs.*, 65 F.3d 402, 404 (5th Cir. 1995). This is a heavy burden, as "it is well established that equitable tolling must be strictly construed." *Lange v. United States*, 79 Fed. Cl. 628, 632 (2007) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990); *Martinez v. United States*, 333 F.3d 1295, 1318 (Fed. Cir. 2003)); *accord Granger*, 636 F.3d at 712 ("Equitable tolling is to be applied sparingly.").

Further, errors of counsel do not give rise to a valid basis for equitable tolling. *See Irwin*, 498 U.S. at 96 ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect [on the part of plaintiff's attorney]."); *Clark v. United States*, 226 F. App'x 337, 338 (5th Cir. 2007) (noting that while plaintiff's counsel's untimely filing mistake was "unfortunate, such mistakes do not equitably toll" the limitations period in an FTCA case). "Many courts have considered the question whether attorney error constitutes 'rare and exceptional circumstances' and have held that it does not." *See e.g.*, *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). It is not the province of the court to toll the applicable limitations period

to correct attorney error or negligence. *See Irwin*, 498 U.S. at 96 (refusing to toll the time bar where the petitioner's attorney was out of the office when notice of Equal Employment Opportunity Commission's denial of administrative claim arrived); *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 240 (5th Cir. 2010) (rejecting the application of equitable tolling where, though plaintiff "regularly checked with her lawyer on the progress of her case," the attorney's paralegal erroneously noted the filing deadline).

Here, the facts do not present a rare or extraordinary circumstance that warrants tolling, and Reynolds failed to pursue her rights diligently. Reynolds argues that her previous attorney's resignation thirty-two days prior to the end of the six-month limitations period constitutes an extraordinary circumstance that prevented timely filing of this case. There may be situations where an attorney's leaving a firm constitutes an extraordinary circumstance, but this case is not one of them. Although Reynolds's previous attorney left behind a substantial number of cases, Reynolds's subsequent attorneys still had over a month to sort out important deadlines, including any statute of limitations issues, on the transferred cases. Cases left by resigning attorneys are sure to have upcoming deadlines, and this should be one of the first things addressed in the transition of cases. In any event, Reynolds's prior attorney had five months to file a lawsuit on her behalf before departing the firm. Reynolds further argues that her attorney "was under the impression that the statute of limitations would expire on September 19, 2022," based on an email from the previous attorney (#20). The USPS denial letter sent to the Payne Law Firm, however, clearly contradicts this notion. It is not the province of the court to toll the applicable limitations period to correct attorney error or negligence. *See Irwin*, 498 U.S. at 96. Thus, this is not a rare or extraordinary circumstance warranting tolling.

Further, it cannot be said that Reynolds diligently pursued her rights. "Merely because the negligence was on the part of her attorney and his staff does not entitle [Reynolds] to equitable tolling—a party is bound by the acts of her lawyer." *Harris v. Boyd Tunica, Inc.*, 628 F.3d at 240. Not only was her suit filed after the limitations period, but there are additional indications pointing to a lack of diligence. These have included: a two-month delay between her latest attorney learning about the denial and filing the complaint; Reynolds's current attorney's failing to confer timely with opposing counsel and filing a Rule 26(f) Report; and her attorney's failure to respond timely to the motion at issue. Thus, Reynolds has failed to pursue her rights diligently in order to merit equitable tolling.

Therefore, in the absence of rare and exceptional circumstances or the exercise of due diligence on the part of Reynolds, the court finds tolling of the two-year limitations period to be unwarranted.

III.   Conclusion

Accordingly, the United States's Motion for Summary Judgment (#14) is GRANTED. Reynolds fails to present a claim that warrants relief because the action is barred by the statute of limitations. There remain no material facts in dispute, and the United States is entitled to judgment as a matter of law. A final judgment will be entered separately.

**Signed this date**
**May 26, 2023**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE